Lynn A. JENKINS, Plaintiff and Respondent,

v.

STATE of Utah, Moroni L. Jensen, President of the Senate, and Glade L. Sowards, Speaker of the House of Representatives of the 42nd Legislature of the State of Utah, Defendants and Appellants.

No. 16034.

Supreme Court of Utah.

Sept. 22, 1978.

James B. Lee and James M. Elegante, Salt Lake City, for plaintiff and respondent.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Melvin E. Leslie, Michael T. McCoy, Salt Lake City, for defendant and appellant.

MAUGHAN, Justice:

Before us is a summary judgment in favor of plaintiff, who appeared pro se in the trial court.

The court held:

1. It had jurisdiction.

2. Plaintiff had standing.

3. The Forty Second, 1977–78 Utah Legislature was already seated, and is a de facto legislature.

4. All laws enacted by the 1977–78 legislature are valid, and monies collected by that body need not be returned to the people.

5. Administrators and teachers employed by Utah Public School System hold a public office of profit or trust, and thus may not be members of the Utah Legislature; because such would be in violation of Art. VI, Sec. 6, Constitution of Utah.

We affirm the holdings of the trial court in 1 and 2. As to 3 and 4, we hold the Forty Second Legislature to be, at least, a de facto Legislature. Thus, laws enacted by it are not invalid by reason of its membership. As to Number 5, we do not reach that issue, and the District Court should not have reached it, because proper parties defendant are not before the court. For that reason we reverse the District Court as to Number 5. Because proper parties defendant are not before the court, a decision disposing of Number 5 would be advisory only. Rendering advisory opinions is not a function of this Court.

An inherent role of the judiciary, in matters of this nature, is interpretation of Constitutional provisions. Thus, jurisdiction is properly lodged.[1]

Appellants cite the usual rule that one must be personally adversely affected before he has standing to prosecute an action.[2] While such is true, it is also true this Court may grant standing where matters of great public interest and societal impact are concerned.[3]

ELLETT, C. J., and HALL, J., concur.

CROCKETT, Justice (concurring, with reservations):

I concur with these holdings: that irrespective of the question of the plaintiff's standing to bring this suit, where issues of great public interest are presented to the court, in order to perform its function of serving the public interest, and to avoid delays and minimize the time, effort and expense of further litigation the court may,

1. See also: *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed. 491 (1969); *State v. Dubuque*, 68 Wash.2d 553, 413 P.2d 972 (1966); *Hayes v. Gill*, 52 Haw. 251, 473 P.2d 872 (1970); *State v. Lockhart*, 76 Ariz. 390, 265 P.2d 447 (1953).

2. *Johnson v. State Tax Commission*, 17 Utah 2d 337, 411 P.2d 831 (1966).

3. See *State ex rel. Sego v. Kirkpatrick*, 86 N.M. 359, 524 P.2d 975 (1974).

and only in rare exigencies will, exercise its discretion to assume jurisdiction and adjudicate such issues; and that consequently, it is within the jurisdiction and prerogative of this Court to declare that the ruling of the district court that the enactments of the 42nd Legislature are valid is correct and stands unassailed on this appeal.

In view of the fact that the majority of the Court deems it inadvisable to deal with the more fundamental issue as to whether school administrators and teachers are eligible to serve in the Legislature, I reserve judgment as to other matters mentioned in the main opinion.

WILKINS, Justice (concurring and dissenting):

I concur with the holding on point 5 of the majority opinion but dissent on other matters discussed below.

Plaintiff alleged in his complaint before the District Court for Salt Lake County that he was an individual with his principal residence in Salt Lake County, Utah. He did not allege (or show) any direct interest or injury as a basis for commencing this action. In my opinion that is fatal. In *State v. Kallas et al.*, 97 Utah 492, 94 P.2d 414, 420 (1942), it was stated:

This court is committed to the rule that an attack on the validity of a statute cannot be made by parties whose interests have not been, and are not about to be, prejudiced by the operation of the statute. [Citations omitted.] [1]

The majority opinion cites *State ex rel. Sego v. Kirkpatrick*, 86 N.M. 359, 524 P.2d 975 (1974) as authority for granting ". . . standing where matters of great public interest and societal impact are concerned" when the legal prerequisites for

standing are absent. *Kirkpatrick* does not persuade me. First, in *Kirkpatrick* the Court stated:

Petitioner is a citizen, an elector, a taxpayer, a State Senator, a member of the Senate Finance and Rules Committee, and a member of the Legislative Finance Committee. By failing to predicate our holding as to standing on one or more of these facts, we in no way suggest that one or more thereof would not be sufficient to give petitioner standing in these proceedings. We simply elect to confer standing on the basis of the importance of the public issues involved. [At 524 P.2d 979].

It seems to me that the Court in fact believed petitioner therein *did* have a legal basis for standing without conferring it on the ground of the importance of the public issues involved. But, I won't pursue this point further. Second, *Kirkpatrick* is contrary to Utah law in my opinion on the proposition that a court can grant standing if the normal legal prerequisites are absent just because it wants to demonstrate its capacity to perform a grand gesture of grace. Third, even assuming, arguendo, there is a basis for conferring standing because of the importance of the issue, I am not persuaded it ought to be conferred in this case.

Also, I do not believe this Court *in this case* has jurisdiction to rule that the Forty-Second Legislature is, at least, a de facto legislature because that issue, which plaintiff lost below, was not appealed by him to this Court. Art. VIII, Sec. 4 of the Constitution of Utah states, in relevant part, that this Court:

. . . shall have original jurisdiction to issue writs of mandamus, certiorari, prohibition, quo warranto and habeas cor-

---

1. See also the discussion of standing in *Baird v. State of Utah*, Utah, 574 P.2d 713, 716–717 (1978) where this Court commented: "The general rule is applicable that a party having only such interest as the public generally cannot maintain an action. In order to pass upon the validity of a statute, the proceeding must be initiated by one whose special interest is affected, and it must be a civil or property right that is so affected. . . . In his allegations,

plaintiff neither asserted a legally protectible interest in the subject matter of the action nor did he plead any facts indicating he would be directly affected by enforcement of the act. The wrong of which he complained was public in character, and his complaint disclosed no special injury affecting him differently from other citizens. He, therefore, had no standing to urge the unlawfulness of the governmental action."

pus. . . . *In other cases the Supreme Court shall have appellate jurisdiction only,* and power to issue writs necessary and proper for the exercise of that jurisdiction. . . . [Emphasis added.] We cannot rule on a matter not before us. In short, there is no jurisdiction for this Court to affirm a matter below when that matter has not been appealed.

This Court in properly structured and jurisdictionally sound cases can—and does—decide issues of great public interest but the ruling of this Court today on matters other than point 5 in the majority opinion is in my opinion infirm and unwise for reasons noted ante.

