Lynn A. JENKINS, Plaintiff and Appellant,

v.

Fred W. FINLINSON, Utah State Bar Association, and Scott M. Matheson, Defendants and Respondents.

No. 16257.

Supreme Court of Utah.

Feb. 8, 1980.

---

Lynn A. Jenkins, pro se.

Jack L. Schoenhals, Salt Lake City, for Finlinson.

Pamela Greenwood, Salt Lake City, for Bar.

Robert B. Hansen, Atty. Gen. and Michael L. Deamer, Asst. Atty. Gen., Salt Lake City, for Matheson.

MAUGHAN, Justice:

Plaintiff appeals following a hearing at which the trial court granted defendants' motions to dismiss. The court held:

1. Attorneys as officers of the court do not exercise any judicial powers of the Judicial branch of state government and therefore, attorneys who serve in public office do not violate Article V of the Utah Constitution.

2. Plaintiff had no standing to sue to restrain defendants Matheson and Finlinson from the practice of law while they serve in public office.

3. Plaintiff had no standing to seek refund of legal fees collected by defendants while serving in public office.

4. Plaintiff had no standing to sue to restrain defendant Utah State Bar Association from issuing certificates of eligibility to defendants Matheson and Finlinson.

5. The court was without jurisdiction to consider the constitutionality of the Utah State Circuit Court system and the 55 mile per hour speed limit.

6. Defendant Utah State Bar Association is not a legal entity subject to suit as a party defendant.

We affirm the holdings of the trial court as to standing, and reverse in part. As we previously have held, four requirements must be met in an action for declaratory judgment: (1) there must be a justiciable controversy; (2) the interests of the parties must be adverse; (3) the parties seeking relief must have a legally protectible interest in the controversy; and (4) the issues between the parties must be ripe for judicial determination.[1] Plaintiff has not presented the court with a justiciable controversy, "one wherein the plaintiff is possessed of a protectible interest at law or in equity and the right to a judgment."[2] Plaintiff has not alleged any direct interest in the matter or any injury because of defendants' actions.

Although the court may elect to grant standing in exceptional circumstances where matters of great public interest are involved,[3] we do not consider the issues in this case to be of such weight. It is clear attorneys, although officers of the Court, do not exercise the functions of the Judicial Branch of government.

Because of our holding on standing, we find it unnecessary to decide the question of whether defendant Utah State Bar Association is a legal entity subject to suit. For this reason, we reverse the lower court holding on this point.

The trial court correctly held it did not have jurisdiction to decide plaintiff's claims concerning the constitutionality of the circuit court system, and the 55 mile per hour speed limit. Although plaintiff alleges he was cited for speeding in circuit court in the First Judicial District, he brought this action in the Third Judicial District. Utah law provides, "[a]ppeals from final judgments of the circuit courts shall be to

1. *Baird v. State*, Utah, 574 P.2d 713, 715 (1978).

2. *Id.* 716.

3. *Jenkins v. State*, Utah, 585 P.2d 442 (1978); *State ex rel. Sego v. Kirkpatrick*, 86 N.M. 359, 524 P.2d 975 (1975).

the district court of the judicial district in which the circuit is located." [4]

Affirmed in part and reversed in part.

HENRIOD, Retired Justice (concurring):

I concur in the holding that the appellant has no standing in court.

WILKINS, Justice (concurring in result):

I concur that plaintiff has no standing in all matters except as noted in point 5 of the majority opinion, and I agree that the Third Judicial District Court was without jurisdiction to entertain the plaintiff's contentions concerning that point.

The majority opinion, I believe, should make no further comments than those relating to plaintiff's lack of standing and the absence of the lower Court's jurisdiction. See my concurring and dissenting opinion in *Jenkins v. State*, Utah, 585 P.2d 442, 444–45 (1978) on standing.

STEWART, J., concurs in the views expressed in the concurring in result opinion of WILKINS, J.

HALL, Justice (concurring and dissenting):

I agree that plaintiff is without standing and that it is therefore unnecessary to decide the question as to the legal capacity of the Utah State Bar. Consequently, I dissent from that portion of the main opinion that reverses the trial court on that issue.

CROCKETT, C. J., having disqualified himself, does not participate herein.