**Ronald M. BOYLE, et al., Plaintiffs and Appellants,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY, Defendant and Appellee.**

**No. 920760–CA.**

Court of Appeals of Utah.

Dec. 23, 1993.

David E. Leta (Argued), Paul D. Newman, Jeffrey T. Sivertsen, Snell & Wilmer, Salt Lake City, Gary N. Anderson, Hillyard, Anderson & Olsen, Logan, for plaintiffs and appellants.

Scott W. Christensen (Argued), Jaryl L. Rencher, Hanson, Epperson & Smith, Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

BENCH, Judge:

Plaintiffs appeal from the trial court's dismissal of their declaratory judgment action. We affirm.

## FACTS

In September 1987, plaintiffs filed a complaint in the third district court against V. Stanley Benfell, the estate of Steven F. Christensen, Richard William James, Thomas H. Moore, and J. Gary Sheets (Insureds).[1] Insureds were officers, directors, and partners in Consolidated Financial Services (CFS). Each of the plaintiffs had loaned money to or invested in CFS or one of its subsidiaries. Defendant National Union Fire Insurance Company (National Union) had issued insurance policies to CFS.

The trial court entered a default judgment against Insureds but, upon motion by Insureds, later set it aside. Thereafter, In-

---

1. The Complaint was subsequently amended to include as defendants David M. Frederick, War- ren S. Inouye, and Craig Wentz.

sureds sought relief under Chapter 7 of the Bankruptcy Code.

Plaintiffs filed an adversary proceeding in the United States Bankruptcy Court, asking the bankruptcy court to determine whether National Union would be liable to the plaintiffs for the alleged acts of Insureds. National Union moved to dismiss plaintiffs' action. In a hearing on National Union's motion, the bankruptcy court raised questions sua sponte about its subject matter jurisdiction to resolve the issues raised by plaintiffs' action. Thereafter, plaintiffs stipulated to a dismissal of their adversary proceeding in the bankruptcy court so they could pursue a declaratory judgment action in the third district court.

In November 1991, plaintiffs filed the present declaratory judgment action in the third district court. Plaintiffs sought from the district court a determination of whether the insurance policies issued by National Union to Insureds would be valid and enforceable if Insureds were later found to be liable to plaintiffs. In December 1991, National Union filed a motion to dismiss. In January 1992, the trial court heard argument on National Union's motion. The trial court granted National Union's motion and in March 1992 issued an order that stated, in relevant part:

1. It would be impossible for a court to determine what coverage there is in a case until the court knows what liability exists between the plaintiffs and the alleged tort-feasors. Therefore it is premature to seek a determination of coverage before the alleged tortious acts are found by an appropriate trier of fact.

2. Even if the court felt that it could go forward at this point, this action would not answer all the questions that could be raised and therefore the court finds no reasons "for putting the cart before the horse."

3. The court cannot issue an advisory opinion with respect to what coverage might be when the facts of liability have not been determined.

4. The Supreme Court has previously stated that there is no third party beneficiary status that is recognizable under Utah law and therefore the plaintiffs have no legal interest in which to claim relief under the Declaratory Judgment Act.

5. The courts do not allow persons injured by alleged tort-feasors to bring direct actions against the alleged tort-feasors' insurance carrier.

6. It would be impossible for the court to assume what the facts are going to be and then render a decision with respect to coverage based upon the combinations of facts that could occur.

7. Although there was a previous default judgment entered in this case, the record is clear that the default judgment was set aside and is therefore no longer in existence. Therefore defendant's motion should be granted as plaintiffs have no standing and the issues would not be ripe until a trier of fact determines liability between the plaintiffs and the alleged third-party tort-feasors.

The trial court then dismissed plaintiffs' action against National Union, and this appeal followed.

## ISSUE

The dispositive issue on appeal is whether plaintiffs can bring a declaratory judgment action against National Union to determine insurance coverage prior to a determination of liability on the part of Insureds. Stated another way, the issue is whether the controversy between plaintiffs and National Union is ripe for judicial determination in a declaratory judgment action.[2]

---

2. Plaintiffs raised three issues on appeal: (1) whether a declaratory judgment action against an insurer for the purpose of determining insurance coverage is a prohibited direct action against the insurer; (2) whether an injured third-party has standing to pursue a declaratory judgment against an insurer where the injured third party will not be able to collect anything but the insurance proceeds in the underlying tort action; and (3) whether the dispute between the plaintiffs and National Union is ripe for judicial determination. Because of our holding on the third issue, we need not reach plaintiffs' additional issues.

## STANDARD OF REVIEW

Because this is a declaratory judgment action, the case is governed by Utah Code Ann. § 78-33-6 (1992), which provides:

The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

The use of the word "may" in the statute gives the trial court discretion to either grant or deny a party's declaratory judgment action if it determines that its order "would not terminate the uncertainty or controversy giving rise to the proceeding." If an action is ripe for adjudication, it is within the trial court's discretion to either grant or deny a party's request for declaratory relief. If, on the other hand, an action is not ripe for adjudication, it is not within the trial court's discretion to grant declaratory relief, but instead the trial court must dismiss the action as a matter of law. Therefore, we review the trial court's legal determination of ripeness under a correction of error standard. *See Barnard v. Utah State Bar*, 857 P.2d 917, 919 (Utah 1993). If the action is ripe, we review the trial court's decision to either grant or deny declaratory relief under section 78-33-6 for an abuse of discretion.

## ANALYSIS

Plaintiffs argue that the trial court erred when it determined that the dispute between plaintiffs and National Union was not ripe for judicial determination in a declaratory judgment action. We disagree.

Declaratory judgment actions, although statutory in nature, must meet the requisite justiciable and jurisdictional requirements of any action, including ripeness. *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983).

We have previously held that four requirements must be satisfied before the district court can proceed in an action for declaratory judgment: "(1) there must be a justiciable controversy; (2) the interests of the parties must be adverse; (3) the parties seeking relief must have a legally

protectable interest in the controversy; and (4) the issues between the parties must be ripe for judicial determination." *Id.* (quoting *Jenkins v. Finlinson*, 607 P.2d 289, 290 (Utah 1980)); *accord Lyon v. Bateman*, 119 Utah 434, 440, 228 P.2d 818, 820-21 (1951). Therefore, a plaintiff's failure to satisfy any of the four requirements will result in a dismissal of a declaratory judgment action.

Our analysis focuses on the requirement that the issues be ripe for judicial determination. Ripeness occurs when "a conflict over the application of a legal provision [has] sharpened into an actual or imminent clash of legal rights and obligations between the parties thereto." *Redwood Gym v. Salt Lake County Comm'n*, 624 P.2d 1138, 1148 (Utah 1981). "Where there exists no more than a difference of opinion regarding the hypothetical application of [an insurance provision] to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication." *Id.*

In the present case, the trial court was asked to determine whether certain insurance policies issued by National Union to CFS and Insureds were valid and enforceable before there was any determination of liability on behalf of CFS or Insureds. Plaintiffs' request for declaratory relief would have placed the trial court in the position of trying to guess what facts might be determined in a trial on the tort claim, and then to apply those hypothetical facts to the insurance policies. The trial court recognized that it could only speculate as to what the facts may be. Therefore, because of the hypothetical nature of plaintiffs' declaratory judgment action, the trial court was correct in ruling, as a matter of law, that the action was not ripe for adjudication.

Because plaintiffs' action was not ripe for adjudication, the trial court was barred, as a matter of law, from rendering declaratory judgment. *See Id.* Therefore, the trial court did not err in dismissing the action.

## CONCLUSION

Plaintiffs' declaratory judgment action was not ripe for adjudication. Therefore, the tri-

al court did not err in dismissing plaintiffs' claim for declaratory relief.

GREENWOOD and JACKSON, JJ., concur.