2007 UT App 183

**ALLSTATE INDEMNITY COMPANY, Plaintiff and Appellee,**

v.

**Thomas F. THATCHER, Kathlyn J. Thatcher, Richard Grow, and Todd Lloyd, Defendants and Appellants.**

No. 20060538–CA.

Court of Appeals of Utah.

June 1, 2007.

D. Scott Crook and J. Craig Smith, Salt Lake City, for Appellants.

---

Tim Dalton Dunn and Kathleen M. Liuzzi, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and McHUGH.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶1 Thomas F. and Kathlyn J. Thatcher (the Thatchers) appeal the district court's order granting Allstate Indemnity Company's (Allstate) motion for summary judgment and denying the Thatchers' motion for partial summary judgment. We dismiss the case for lack of jurisdiction.

¶2 The Thatchers hired a company to install a sports court on their residential property. Richard Grow and Todd Lloyd owned the lot adjacent to the Thatchers. After the completion of the sports court, Grow and Lloyd discovered that a portion of it encroached on their lot. Grow and Lloyd subsequently filed a complaint (the Trespass Action) alleging that the Thatchers refused to remove the encroaching portion of the sports court and that, as a result, Grow and Lloyd could not sell their lot to a prospective buyer.

¶3 The Thatchers had purchased a homeowner's insurance policy (the Policy) from Allstate for their residential property. The Policy provides that "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage" arising from an occurrence, which the Policy defines as "an accident." The Policy further states that "[i]f an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent." Based on the Policy, the Thatchers tendered the defense of the Trespass Action to Allstate.

¶4 Allstate filed this declaratory action alleging that it did not have a duty to defend or indemnify the Thatchers in the Trespass Action because the complaint's allegations constituted intentional acts not covered under the Policy. Allstate then filed a motion for summary judgment, but agreed to defend the Thatchers in the Trespass Action until the district court ruled on whether Allstate had a duty to defend. The Thatchers responded and filed a cross-motion for partial summary judgment. The district court ruled that the complaint alleged only intentional inaction, and therefore the Trespass Action did not constitute an "occurrence" under the Policy. The district court, consequently, granted Allstate's summary judgment motion. The Thatchers filed a motion for a new trial and the court denied the motion. The Thatchers then filed a notice of appeal. After the Thatchers filed their appeal, the Trespass Action was dismissed without prejudice. Grow and Lloyd have not filed a new complaint.

¶5 The Thatchers assert that the district court erred by concluding that Allstate had no duty to defend the Thatchers in the Trespass Action based on the allegations in that complaint. "When we engage in a duty-to-defend analysis, we focus on two documents: the insurance policy and the complaint. An insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations of the complaint." *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶16, 140 P.3d 1210 (quotations and citation omitted). In view of the dismissal of the Trespass Action, there are no allegations before us. Because there is no complaint to analyze, we cannot determine whether Allstate has a duty to defend. "Declaratory judgment actions, although statutory in nature, must meet the requisite justiciable and jurisdictional requirements of any action, including ripeness." *Boyle v. National Union Fire Ins. Co.*, 866 P.2d 595, 598 (Utah Ct.App.1993). Four requirements must be satisfied before a court can proceed in an action for declaratory judgment. *See id.* One such requirement is that "the issues between the parties must be ripe for judicial determination." *Id.* (quotations and citations omitted). Because we do not have a complaint before us, Allstate's duty to defend is not "ripe for judicial determination." *Id.* We therefore must dismiss the case for lack of jurisdiction. *See id.* (stating that if a party cannot satisfy the ripeness requirement the case must be dismissed).

¶ 6 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.