631 F.Supp. 1491 (1986)
Andrew H. BAUR, Plaintiff,
v.
CHEVRON CHEMICAL COMPANY, Defendant.
No. 85-2296C(1).
United States District Court, E.D. Missouri, E.D.
April 9, 1986.
Fordyce & Mayne, P.C., Edgar G. Boedeker, Gary L. Vincent, St. Louis, Mo., for plaintiff.
Biggs, Boles, Kopman, Casserly, Fickie and Barnes, P.C., Fairfax Jones, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This is an action for ejectment and trespass instituted by plaintiff wherein he seeks to recover possession of a tract of land which is contiguous to the manufacturing facility of defendant Chevron Chemical Company. Defendant filed a counter-claim seeking a declaration of its rights under a recorded easement and a determination of whether or not defendant had acquired a prescriptive easement to park automobiles on the subject property.
This case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52.

FINDINGS OF FACT
1. Andrew H. Baur is a resident of St. Louis County, Missouri.
*1492 2. Chevron Chemical Company is a Delaware corporation with its principal place of business in California and is authorized to do business in the State of Missouri.
3. The tract of realty in question measures approximately 80 feet by 390 feet and is referred to herein as the Baur tract.[1] The Baur tract lies directly east of the Chevron property.
4. In 1949, Jessie Snook conveyed a tract of land, immediately to the west and contiguous to the Baur tract, to the California Spray-Chemical Corporation. At the same time, she executed an easement agreement over the Baur tract with the California Spray-Chemical Corporation for "roadway purposes and for ingress and egress and for sewers and public utilities".
5. Chevron Chemical Company is the successor to California Spray-Chemical Company.
6. Industrial Properties, Inc. acquired approximately thirty acres of land which included the Baur tract. On March 21, 1967, a general warranty deed was recorded at the office of the Recorder of Deeds in St. Louis County. Industrial Properties, Inc. was a development corporation of which Andrew H. Baur was the sole shareholder.
7. During the next several years, Industrial Properties developed an industrial park on much of the property. The Baur tract, however, remained undeveloped.
8. In 1984, Industrial Properties, Inc. was liquidated and the Baur tract was conveyed to Andrew H. Baur. On April 25, 1985, a general warranty deed was recorded at the Recorder of Deeds in St. Louis County.
9. There is no dispute that for a number of years Chevron personnel occasionally used the lot for additional parking. The Court does not feel compelled to define the exact date upon which such use began because it is clear from the evidence that Chevron's use was not continuous. The lot was, until 1980, undeveloped. As a result, the lot was unusable for parking during wet weather. Moreover, defendant has failed to establish that even during dry weather Chevron's use of the lot for parking was anything but sporadic at best.
10. At various times since 1967, the parties participated in general discussions concerning Chevron's purchase of the Baur tract. At no time during these discussions did Chevron dispute the fact that Mr. Baur owned the property in question.
11. In July, 1980, Chevron, at its own expense, paved a major portion of the Baur tract. The lot allowed for a total of 21 parking spaces, 17 of which are entirely and the other 4 are partially on the Baur tract.
12. During the period from 1980 to 1984, Andrew H. Baur knew of Chevron's use of the Baur tract. On one occasion, Mr. Baur suggested to the general manager of the Chevron Plant that Chevron should purchase the tract.
13. At no time until June 24, 1985, did Mr. Baur demand that Chevron cease using the Baur tract for parking or demand any *1493 payment for such use. During March, 1985, Mr. Baur submitted a proposed three year lease to Chevron to consider but the lease was never agreed to. From late 1984 until June 24, 1985, the parties were in active negotiations concerning the purchase of the property.
14. From the evidence adduced at trial, the Court finds the value of a parking space in the area of the Baur tract to be $15.00 per month. Despite Mr. Baur's demand to vacate the lot, defendant's employees continue to park on the Baur tract.

CONCLUSIONS OF LAW
The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this district.
To recover under the theory of ejectment, it is sufficient if plaintiff demonstrates that "at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof...." § 524.080 R.S.Mo. (1949). The Court finds that plaintiff is the fee owner of the property and is therefore entitled to sole and exclusive possession, subject to defendant's easement. See Findings of Fact Nos. 6 and 8.
The Court also finds defendant liable for trespass. An action in trespass will lie in cases such as this where the initial entry is made with the consent of the owner. Once consent is revoked, defendant's continued presence on the property constitutes common law trespass. Wright v. Edison, 619 S.W.2d 797, 803 (Mo.App.1981); Harris v. L.P. & H. Construction Co., 441 S.W.2d 377, 381-82 (Mo.App.1969). Mr. Baur revoked his consent to defendant's use of the property on June 24, 1985. See Findings of Fact No. 13.
There is no dispute that Chevron has an easement over the Baur tract for a roadway for ingress and egress. Defendant argues, however, that parking by its employees on the Baur tract has established a prescriptive easement. The Court cannot agree. Under Missouri law:
[T]o establish an easement of way over the land of another by prescription, the party claiming the easement has the burden of proving that the use was open and notorious, adverse under a claim of right, continuous and uninterrupted, and for the full prescriptive period of ten years. Mead v. Thomas, 464 S.W.2d 1, 4 (Mo. 1971).
United States v. 43.12 Acres of Land, More Or Less, 554 F.Supp. 1039, 1041 (W.D.Mo.1983). Until the paving in 1980, there is no evidence that defendant used the tract in a continuous and uninterrupted manner. The lot was unusable for parking except in dry weather. Even during dry periods, however, the use by Chevron employees was not continuous. See Findings of Fact No. 9. While Mr. Baur testified that he drove by the lot approximately once a month, from the evidence it appears entirely possible that he would never have seen any cars on the lot. Accordingly, the Court finds that the period of time prior to 1980 cannot count toward the prescriptive period of ten years.
While paving the lot in 1980 may satisfy the continuous and uninterrupted requirements for a prescriptive easement, Chevron cannot demonstrate subsequent use of the property for the full ten year period. In addition to failing to demonstrate the requisite period, the Court further finds that Chevron's use during the period from 1980 to 1985 was with Mr. Baur's consent and therefore not notorious or adverse.[2]See Findings of Fact No. 13. Under Missouri law, permissive use of the land cannot ripen into an easement. Fortenberry v. Bali, 668 S.W.2d 216, 219 (Mo.App.1984); Burgess v. Sweet, 662 S.W.2d 916, 918 (Mo.App. 1983). Accordingly, the Court finds that defendant has failed to demonstrate a prescriptive easement right to park automobiles on the Baur tract.
*1494 In his petition, plaintiff seeks damages equal to the rental value of the property for the five years preceding the filing of this lawsuit. For the reasons stated herein, the Court finds that plaintiff is not entitled to any rent payments prior to June 24, 1985. Andrew H. Baur testified that he was aware of the paving in 1980 and that at various times during the period 1980 to 1985 he negotiated with Chevron to attempt to sell the property. See Findings of Fact Nos. 10, 12 and 13. Not until June 24, 1985, when sale negotiations were terminated, did Mr. Baur demand that Chevron cease using the property. The Court also notes that Mr. Baur testified that at no time was he denied the right to use his property in any manner. Accordingly, the Court finds that up until June 24, 1985, Mr. Baur consented to Chevron's use of the property at no charge. See Findings of Fact No. 13. Therefore, having consented, Mr. Baur cannot now collect damages for the period prior to the withdrawal of his consent.[3]See Griesenauer v. Emsco Corp., 399 S.W.2d 147, 151 (Mo.App.1965) ("[W]here there is consent to enter the premises and perform the acts complained of, there can be no liability....").
Finally, plaintiff in his petition requests punitive damages for defendant's willfull trespass. Under Missouri law, actual malice is not necessary to warrant the submission of punitive damages to the trier of fact. Wright v. Edison, 619 S.W.2d at 803. The Court finds, however, that the evidence of defendant's acts in this case is insufficient to support an award of punitive damages for trespass.
In conclusion, the Court finds that plaintiff is legally entitled to possession of the Baur tract, subject to the defendant's easement for ingress and egress. The Court further finds that defendant is liable to plaintiff in the amount of $2,940.00. This amount represents the number of parking spaces (21) times $15.00 a month for the period from June 24, 1985 through April 4, 1986.
NOTES
[1] The Baur tract, which is the subject matter of this lawsuit, is described as follows;

Part of Lot 3 of George Brousters Estate Partition in U.S. Survey 351, Township 46 North, Range 5 East, according to plat attached to Commissioners Report in Partition recorded in Book 31 page 472 and recorded in Plat Book 2 page 61 of the St. Louis County Recorder's Office and described as: Beginning at the intersection of the West line of the Right-of-Way of the Chicago Rock Island and Pacific Railroad (100 feet wide) with the North line of Adie Road (70 feet wide); thence South 86 degrees 30 minutes West, along the North line of Adie Road 94.35 feet to the Southeast corner of property conveyed to California Spray-Chemical Corporation by deed recorded in Book 2611 page 239; thence North 35 degrees 31 minutes West along the East line of property conveyed to California Spray-Chemical Corporation, as aforesaid, 389.20 feet to the Northeast corner thereof; said corner being a point in the South line of property conveyed to Warehouse Leasing Corporation by deed recorded in Book 6488 page 627 St. Louis County Records; thence East along the South line of property conveyed to Warehouse Leasing Corporation as aforesaid 94.35 feet, more or less, to the Southwest Right-of-Way line of Chicago, Rock Island and Pacific Railroad; thence South along the Southwest line of Chicago, Rock Island and Pacific Railroad Right-of-Way to the point of beginning.
[2] The Court notes that defendant, in its answer, states that it used the premises "with the knowledge and consent of the owner".
[3] Mr. Baur's withdrawal of consent gives rise to both actions, trespass and ejectment. Accordingly, the measure of compensatory damages will be the same for both actions.