*843
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 The facts as alleged in appellants’ complaint are undisputed. Appellants, William Breliant, as Trustee of the Breliant Trust, and Roberta Silverman (collectively Breliant), own real property (the Breliant Property) located at 4320 Paradise Road in Las
 
 *844
 
 Vegas, upon which lies an apartment complex. Respondent, Preferred Equities Corporation (PEC) owns real property located at 4310 Paradise Road (the PEC Property), contiguous to the Breliant Property, upon which lies an office building. Before either Breliant or PEC acquired their respective properties, an easement was created (the First Easement) granting the owner of what is now the PEC Property,
 

 [a]n easement and right of way in, alongside and across the parcel of real property hereinafter particularly described, together with a non-excludable but indefeasible right to utilize thirty (30) unspecified parking spaces upon the said following described real property . . . [thereafter describing what is now the Breliant property].
 

 Subsequently, Joseph R, Laird, Jr. (Laird), and Kenneth J. Fisher (Fisher) together acquired what is now the Breliant Property. On March 2, 1977, Laird and Fisher also acquired what is now the PEC Property. Laird and Fisher held both the dominant (the PEC Property) and servient (the Breliant Property) tenements in common ownership until approximately May 3, 1979. On or about May 3, 1979, Laird quitclaimed his interest in what is now the Breliant Property to Fisher, and Fisher quitclaimed his interest in what is now the PEC Property to Laird. In connection with their property division, in a separate conveyance entitled “Grant of Easement,”
 
 [1]
 
 Fisher granted to Laird an easement (the Second Easement) which granted
 

 the use in common with the servient owner of all exterior parking areas existing between the office building located on the dominant tenement [now the PEC Property] and the apartment building located on the servient tenement [now the Breliant Property].
 

 Laird subsequently conveyed what is now the PEC Property to PEC on May 31, 1979. Thereafter, on August 2, 1979, Fisher conveyed what is now the Breliant Property to Kenneth and Betty Fisher, who then conveyed the property to Paradise Terrace Ltd. (Terrace) on August 16, 1979. On August 2, 1988, Breliant acquired what is now the Breliant Property.
 
 [2]
 
 A dispute arose
 
 *845
 
 between PEC and Breliant over PEC’s employees and customers parking on the Breliant Property. PEC claimed the right to use thirty unspecified parking spaces pursuant to the First Easement. Breliant asserted PEC was using spaces reserved for the use of tenants of Breliant’s apartment complex, and thus designated thirty parking spaces for PEC’s use. Breliant paved and painted an area for PEC parking that PEC customarily used and which contained thirty spaces immediately adjacent to both the south side and east side of PEC’s property. PEC claims a right to use the parking area as described in the Second Easement,
 
 and
 
 an additional thirty unspecified parking spaces as described in the First Easement.
 

 After several months of discussion, Breliant brought an action for, inter alia, declaratory relief, requesting that the district court “determine and/or reform the First Easement.” All but one of Breliant’s original claims for relief were dismissed pursuant to stipulation and by court order. On May 1, 1992, PEC moved to dismiss Breliant’s remaining claim for declaratory relief pursuant to NRCP 12(b)(5) for failure to state a claim upon which relief could be granted. The district court granted PEC’s motion to dismiss on May 15, 1992, and this appeal followed. For the reasons expressed below, we hold it was error to dismiss Bre-liant’s complaint, and therefore we reverse and remand.
 

 DISCUSSION
 

 The standard of review for a dismissal under NRCP 12(b)(5) is rigorous as this court “must construe the pleading liberally and draw every fair intendment in favor of the [non-moving party].” Squires v. Sierra Nev. Educational Found., 107 Nev. 902, 905, 823 P.2d 256, 257 (1991) (citations omitted). All factual allegations of the complaint must be accepted as true. Capital Mort. Holding v. Hahn, 101 Nev. 314, 315, 705 P.2d 126, 126 (1985). A complaint will not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him [or her] to relief.” Edgar v. Wagner, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 

 On appeal from an order granting an NRCP 12(b)(5) motion to
 
 *846
 
 dismiss, “[t]he sole issue presented ... is whether a complaint states a claim for relief.” Merluzzi v. Larson, 96 Nev. 409, 411, 610 P.2d 739, 741 (1980),
 
 overruled on other grounds by
 
 Smith v. Clough, 106 Nev. 568, 796 P.2d 592 (1990). This court’s “task is to determine whether ... the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief.”
 
 Edgar,
 
 101 Nev. at 227, 699 P.2d at 111. The test for determining whether the allegations of a complaint are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis of a legally sufficient claim and the relief requested. Ravera v. City of Reno, 100 Nev. 68, 70, 675 P.2d 407, 408 (1984);
 
 see also
 
 Western States Constr. v. Michoff, 108 Nev. 931, 936 P.2d 1220, 1223 (1992).
 

 Breliant asserts the amended complaint states a cognizable claim for declaratory relief under NRS 30.040.
 
 [3]
 
 We agree. Actions for declaratory relief are governed by the same liberal pleading standards that are applied in other civil actions.
 
 See
 
 Squires v. Sierra Nev. Educational Found., 107 Nev. 902, 905, 823 P.2d 256, 257 (1991). The formal sufficiency of a claim is governed by NRCP 8(a), which requires only that the claim, “shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.”
 
 See
 
 NRCP 8(a).
 

 Breliant asked the district court to “define and/or reform the easement in accordance with the custom and usage of the parties so that the parties’ rights might be clearly delineated.” Breliant asserts the district court erred in dismissing the complaint as the following claims for relief were present: (1) that the First Easement was extinguished when the dominant and servient tenements were held by common owners, and (2) that PEC’s current use of the easement has created an undue burden on the servient estate.
 

 Extinguishment of the First Easement
 

 When one party acquires present possessory fee simple title to both the servient and dominant tenements, the easement merges
 
 *847
 
 into the fee of the servient tenement and is terminated.
 
 See
 
 Simpson’s Colony Reclamation v. Hutzler, 95 Nev. 404, 406, 595 P.2d 383, 385 (1979). Therefore, accepting as true the facts as alleged in the amended complaint, and agreed to by the parties, the First Easement was extinguished on March 2, 1977, when Laird and Fisher, who owned what is now the Breliant Property, also acquired what is now the PEC Property. Laird and Fisher held both the dominant (the PEC Property) and servient (the Breliant Property) tenements in common ownership, and thus the First Easement merged into the fee of the Breliant Property and terminated.
 

 PEC correctly asserts that Breliant’s amended complaint does not discuss extinguishment. However, Breliant’s pretrial memorandum, which was filed with the district court, does discuss the issue of extinguishment of the First Easement by merger. As a general rule, the court may not consider matters outside the pleading being attacked. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2D § 1356 (2d ed. 1990) (discussing the federal counterpart to NRCP 12(b)(5), FRCP 12(b)(6)). However, the court may take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted.
 
 Id.
 
 at § 1357.
 
 See
 
 Hollymatic Corp. v. Holly Sys., Inc., 620 F.Supp. 1366, 1367 (D.C.Ill. 1985) (court considered contract attached to complaint and admissions in answer and in reply to counterclaim); Berk v. Ascott Inv. Corp., 759 F.Supp. 245, 249 (D.C.Pa. 1991) (court may consider document incorporated by reference into the complaint). We conclude the district court erred in declining to consider the merger and termination of the First Easement as the issue was raised by Breliant’s pleadings and the factual allegations state a cognizable claim for relief.
 

 Unreasonable Use
 

 Breliant’s next argument is that the amended complaint states a valid claim for declaratory relief as to the reasonableness of PEC’s use of the First Easement. Breliant asserts the following paragraph of the amended complaint alleges such a claim:
 

 A controversy has arisen between Plaintiffs and Defendant relative to the legal rights and duties pursuant to the easement in that Plaintiffs claim that by custom and usage the Defendant has defined the area for its thirty (30) parking spaces, which Defendant has denied.
 
 Defendant has claimed
 
 
 *848
 

 that the thirty (30) parking spaces [are not] limited or defined and may be used to block ingress and egress to the property by Plaintiff and their tenants.
 

 The scope of an easement may be expanded beyond the terms of the original grant; however, the dominant owner may not unreasonably increase the burden on the servient estate. Brock v. B & M Moster Farms, Inc., 481 N.E.2d 1106, 1109 (Ind.Ct.App. 1985) (“[a]n easement cannot be changed to subject the servient estate to a greater burden than was originally agreed upon without consent of the owner of the servient estate”). What constitutes an undue burden depends upon the facts of a particular situation; thus, general conclusions are difficult to draw. Wall v. Rudolph, 18 Cal.Rptr. 123, 131 (Cal.Ct.App. 1961) (“[o]rdinar-ily, the question of whether there has been an unreasonable use of an easement is one of fact”). Most helpful to Breliant are cases holding that a dominant owner may not park vehicles on a right-of-way when such parking interferes with activities of the servi-ent owner. Penn Bowling Recreation Center v. Hot Shoppes, Inc., 179 F.2d 64, 67-68 (D.C.Cir. 1949) (parking by dominant owner would interfere with use of servient estate); Bauer v. Chevron Chem. Co., 631 F.Supp. 1491, 1493-94 (E.D.Mo. 1986). Generally, if the easement holder misuses the servitude, the servient estate owner may obtain an injunction restraining the overburden.
 
 See
 
 Crimmons v. Gould, 308 P.2d 786, 791 (Cal.Ct.App. 1957). In some instances, damages or the extinguishment of an easement remedy the misuse.
 
 Crimmons,
 
 308 P.2d at 791-793.
 

 PEC did not deny the following allegation in Breliant’s amended complaint: “Defendant has claimed that the thirty (30) parking spaces [are not] limited or defined and may be used to block ingress and egress to the property by Plaintiff and their tenants.” Breliant therefore asserts that PEC admitted the truth of this allegation under NRCP 8(d) (“ [a]verments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading”). Breliant then reasons that PEC’s position taken by this admission, to wit, that the thirty parking spaces are not limited or defined, and that PEC may use the spaces to block Breliant’s and their tenants’ ingress and egress to the Breliant Property, is unreasonable. The question of whether the actual use to which an easement is devoted constitutes an unreasonable burden on the servient estate is primarily a question of fact and not of law. Cox v. Glenbrook Co., 78 Nev.
 
 *849
 
 254, 266-67, 371 P.2d 647, 655 (1962). We conclude that Bre-liant has stated facts sufficient to have a trier of fact determine whether PEC’s use of the easement constitutes unreasonable use.
 

 For the reasons discussed above, the order of dismissal entered below was erroneously granted. We therefore reverse and remand for further proceedings.
 
 [4]
 

 [1]
 

 The first paragraph of the grant of easement describes Fisher as the grantor. The second paragraph states:
 

 2. GRANTOR is the owner of certain real property commonly known as The Paradise Terrace Apartments, 4320 Paradise Road, Las Vegas, Clark County, State of Nevada, hereinafter referred to as the “Servient Tenement” and described as follows:
 

 See Exhibit “A” attached hereto; and all outside parking located thereon.
 

 [2]
 

 William Breliant, as trustee of the Breliant Trust, acquired a twenty-five
 
 *845
 
 percent interest in the Breliant Property, and Roberta Silverman acquired the remaining seventy-five percent interest in the property.
 

 [3]
 

 NRS 30.040 provides:
 

 Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
 

 [4]
 

 The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this appeal.