LILLIAN A. KNITTLE, Appellant, *v.* PROGRESSIVE CASUALTY INSURANCE COMPANY and DOUGLAS CUNNINGHAM, Respondents.

No. 26160

January 4, 1996                                    908 P.2d 724

*Edward M. Bernstein & Associates* and *John R. Provost,* Las Vegas, for Appellant.

*Burton, Bartlett & Glogovac,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This case presents the question of whether a plaintiff pursuing a tort action against a defendant may, before obtaining a judgment against the defendant, bring an action for declaratory judgment against the defendant's insurer to determine insurance coverage. We hold that such an action for declaratory relief presents no justiciable controversy ripe for judicial determination and affirm the district court's order dismissing the cause of action in this case.

### FACTS

On April 4, 1994, appellant Lillian Knittle filed a complaint for injuries against Douglas Cunningham. The year before, Cunningham was driving a car and negligently struck Knittle as she stood in a crosswalk in Las Vegas.[1] She sought damages in excess of $10,000.

On April 20, 1994, Knittle filed an amended complaint, adding a second cause of action against respondent Progressive Casualty Insurance Company (Progressive). In addition to the facts in her first complaint, she provided the following facts. The car driven by Cunningham belonged to another person, who carried insurance on the car. That person's insurer had paid Knittle the full policy limits of $15,000. Cunningham carried a motorcycle insurance policy with Progressive. Knittle submitted a claim to Progressive, but Progressive denied it stating that the motorcycle policy excluded coverage for Cunningham's use of a vehicle. This exclusion was ambiguous.

Progressive moved to dismiss pursuant to NRCP 12(b)(5), arguing that Knittle's claim was not ripe for adjudication and was an impermissible direct action against an insurer. On July 13, 1994, the district court held a hearing on the matter. On July 22, 1994, the court filed an order dismissing Knittle's cause of action against Progressive for failure to state a claim upon which relief can be granted.

---

[1] In reviewing a dismissal under NRCP 12(b)(5) for failure to state a claim upon which relief can be granted, this court must accept all factual allegations of the complaint as true. Breliant v. Preferred Equities Corp., 109 Nev. 842, 845, 858 P.2d 1258, 1260 (1993).

## DISCUSSION AND CONCLUSION

In reviewing a dismissal under NRCP 12(b)(5) for failure to state a claim upon which relief can be granted, this court must accept all factual allegations of the complaint as true, construe the pleading liberally, and draw every fair intendment in favor of the non-moving party. Breliant v. Preferred Equities Corp., 109 Nev. 842, 845, 858 P.2d 1258, 1260 (1993). Such a dismissal is valid only if it appears beyond a doubt that the plaintiff could prove no set of facts entitling him or her to relief. *Id.*

The issue presented in this appeal is whether a plaintiff suing a defendant for an alleged tort may bring an action for declaratory judgment against the defendant's insurance company regarding insurance coverage before obtaining a judgment against the defendant. This is a matter of first impression in Nevada.[2]

NRS 30.030 provides that courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." This court has held that declaratory relief is available only when the following conditions exist:

> "(1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

Doe v. Bryan, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (quoting Kress v. Corey, 65 Nev. 1, 26, 189 P.2d 352, 364 (1948)).

The Colorado Supreme Court held that a plaintiff does not have standing to sue for declaratory relief against a defendant's insurer before obtaining a judgment against the defendant. Farmers Ins. Exchange v. District Court, 862 P.2d 944 (Colo. 1993). The court concluded that the plaintiff had

> no legally protected right or cognizable interest at stake unless and until she has established [the defendant's] liability. Her rights are contingent on her successful litigation of the personal injury suit. When the rights of the plaintiff are

---

[2]In Rivera v. Nevada Medical Liab. Ins. Co., 107 Nev. 450, 814 P.2d 71 (1991), a patient sexually assaulted by her doctor filed a declaratory relief action against the doctor's insurer, asking the district court to find that the insurer had to provide coverage for the assault. Apparently, the patient sought this declaratory relief without suing or obtaining any judgment from the doctor. The ripeness of the claim for declaratory relief was not challenged below or on appeal, and this court did not consider that issue.

contingent on the happening of some event which cannot be forecast and which may never take place, a court cannot provide declaratory relief.

*Id.* at 948. The court distinguished cases in which insurers or insureds were allowed to seek declaratory relief, stating that "these cases arose only after the insured has made a demand on the insurance company to defend a lawsuit or to pay a claim or judgment." *Id.* at 949.

The Utah Court of Appeals ruled similarly in Boyle v. National Union Fire Ins. Co., 866 P.2d 595 (Utah Ct. App. 1993), where plaintiffs filed a tort action against the officers, directors, and partners of a company in regard to money which the plaintiffs had invested in the company. The court concluded that a declaratory relief action brought by plaintiffs against the defendants' insurer was not ripe for adjudication because it

> would have placed the trial court in the position of trying to guess what facts might be determined in a trial on the tort claim, and then to apply those hypothetical facts to the insurance policies.

*Id.* at 598.

We find the concerns and reasoning expressed in these cases persuasive. We therefore conclude that since Knittle's rights against Progressive are contingent on her successful litigation of a pending tort suit, Knittle can assert no legally protectible interest creating a justiciable controversy ripe for declaratory relief. Accordingly, we affirm the district court's order dismissing the claim for declaratory relief against Progressive.