An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANAHIT KABADIAN,
Appellant,
vs.
BANK OF AMERICA, AS SUCCESSOR-
IN-INTEREST; RECONTRUST
COMPANY; METROSTATE
FINANCIAL & REAL ESTATE
CORPORATION; HSBC BANK, N.A.;
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Respondents.

No. 58418

FILED

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a complaint in a wrongful foreclosure case. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

On appeal, as in the district court, appellant Anahit Kabadian challenges respondents' authority to foreclose. The district court's order dismissing appellant's complaint concluded that respondent Mortgage Electronic Registration Systems, Inc., (MERS) had authority to foreclose on the property and that Nevada law does not require a foreclosing entity to produce a note as a prerequisite of foreclosure by trustee's sale.

This court reviews de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all inferences in appellant's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Dismissal is appropriate when it appears beyond a doubt that appellant could prove no set of facts, which, if true, would entitle her to relief. *Id.* at 228, 181 P.3d at 672. The court may take into account

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21732

matters of public record and any exhibit attached to the complaint or incorporated by record into the complaint when ruling on a motion to dismiss. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993).

While the district court's conclusion that MERS had authority to foreclose on its own behalf is incorrect, *see Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, 286 P.3d 255 (2012) (holding that Nevada law requires unity of deed of trust and promissory note prior to foreclosure); *Bergenfield v. Bank of Am.*, 129 Nev. ___, ___ P.3d ___ (Adv. Op. No. 40, June 6, 2013), the record on appeal together with the public records included by respondents in their response to appellant's appeal statement demonstrates that MERS assigned the deed of trust together with the promissory note to respondent HSBC Bank, N.A., reunifying the interests.[1] Subsequently, respondent Recontrust Company, as trustee of the deed of trust, recorded the notice of trustee's sale initiating the actual sale that appellant sought to prevent. Based on the MERS assignment, HSBC had authority to proceed with the trustee's sale, and the district court therefore properly dismissed appellant's complaint. *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___ 255 P.3d 1275, 1281 (2011) (holding that evidence of transfer of the note is sufficient to prove holder status); *Edelstein*, 128 Nev. at ___, 286 P.3d at 260-61 (holding that a

---

[1]Respondents requested judicial notice of the corporate assignment of the deed of trust conveying beneficial interest in the deed of trust and transferring the promissory note to HSBC. We grant the request and take judicial notice of the assignment. NRS 47.130(2); *Yellow Cab of Reno, Inc. v. Second Judicial Dist. Court*, 127 Nev. ___, ___ n.4, 262 P.3d 699, 704 n.4 (2011).

MERS assignment of the deed of trust along with the promissory note demonstrates valid transfer of both instruments). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Timothy C. Williams, District Judge
      Anahit Kabadian
      Akerman Senterfitt/Las Vegas
      Tiffany & Bosco, P. A.
      Reisman Sorokac
      Eighth District Court Clerk