An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KELLY INNSBRUCK ALEXANDER,
Appellant,
vs.
NEW YORK COMMUNITY BANCORP,
INC.; CAL-WESTERN
RECONVEYANCE CORPORATION,
CORPORATE CAPACITY; AND
ROBERT WANN, CFO FOR NEW YORK
COMMUNITY BANCORP, INC.,
INDIVIDUALLY AND PERSONAL
CAPACITY,
Respondents.

No. 60592

FILED

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Respondent Cal-Western Reconveyance Corporation instituted a foreclosure sale on appellant's property at the direction of respondent New York Community Bancorp, Inc. (NYCB), the professed owner of appellant's home loan. NYCB purchased the property at the sale. Thereafter, appellant filed the underlying quiet title action, contending that NYCB lacked any interest in the subject property at the time of the foreclosure sale because appellant had previously "set-off the debt pursuant to public policy." Respondents filed a motion to dismiss appellant's complaint under NRCP 12(b)(5), which the district court granted. This appeal followed.

This court reviews de novo a dismissal under NRCP 12(b)(5), accepting all facts alleged in the complaint as true and construing them in

13-28080

the light most favorable to the plaintiff. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). We are not required, however, "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

Here, appellant's complaint provided no factual support for her legal conclusion that her debt to NYCB had been discharged—*i.e.*, that her debt had been "set-off . . . pursuant to public policy." We have thoroughly reviewed appellant's proper person appeal statement and the record on appeal and are unable to discern any facts that would support appellant's stance. To the contrary, the documents submitted by respondents along with their motion to dismiss demonstrate that appellant's debt was not discharged and that NYCB holds valid title to the subject property. *Cf. Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (indicating that publicly recorded documents may be considered in ruling on a motion to dismiss).

Thus, we conclude that the district court properly dismissed appellant's complaint. NRCP 12(b)(5). We have considered appellant's other allegations of error and conclude that these allegations do not warrant reversal of the district court's order. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Ronald J. Israel, District Judge
Kelly Innsbruck Alexander
Pite Duncan, LLP
Eighth District Court Clerk