An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE FOOTHILLS CORPORATION, A
NEVADA CORPORATION; AND THE
FOOTHILLS DEVELOPMENT
COMPANY LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 65391

**FILED**

OCT 1 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on the pleadings in a contract action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

The parties entered into an agreement whereby appellants had a right of first refusal to purchase lots within a specific development that respondent obtained through a foreclosure proceeding. After respondent failed to obtain through foreclosure two of the lots that it held the first deed of trust on, appellants filed the underlying action alleging breach of contract and breach of the covenant of good faith and fair dealing. Even though appellants did not attach the agreement to their complaint, the district court took judicial notice of the agreement because it was central to appellants' claims. After considering the agreement, the court granted respondent's motion for judgment on the pleadings. This appeal followed.

Having considered the parties' arguments and the record on appeal, we first conclude that the district court properly considered the agreement when granting respondent's motion for judgment on the

pleadings. Similar to considering a motion to dismiss for failure to state a claim upon which relief can be granted, in considering a motion for judgment on the pleadings, the district court may consider a document referenced in the complaint and that is crucial to the complaint when neither party challenges the document's authenticity. *See Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (providing that "the court may take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint when ruling on" a NRCP 12(b)(5) motion); *see also Baxter v. Dignity Health*, 131 Nev., Adv. Op. 76, ___ P.3d ___ (2015) (explaining that the court can "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document" (internal quotation omitted)); *Sadler v. PacifiCare of Nev.*, 130 Nev., Adv. Op. 98, 340 P.3d 1264, 1266 (2014) (noting that the review for an NRCP 12(b)(5) motion is similar to the review of an NRCP 12(c) motion).

Next, we conclude that the district court did not err in granting respondent's motion. *See Sadler*, 130 Nev., Adv. Op. 98, 340 P.3d at 1266 (explaining that this court reviews an order granting a motion for judgment on the pleadings de novo and in doing so accepts the factual allegations in the complaint as true and draws all inferences in favor of the nonmoving party). It is uncontested that respondent did not obtain either lot in a foreclosure sale. Because respondent never obtained the lots, it did not breach the agreement by failing to provide appellants with the right of first refusal.

Lastly, because the agreement did not require respondent to obtain the lots, the district court properly concluded that respondent did not breach the covenant of good faith and fair dealing by not obtaining them. Appellants argue that this issue could not be resolved on the pleadings because even though respondent literally complied with the settlement agreement, respondent deliberately disregarded the intention of the contract by not attempting to obtain the two lots at a foreclosure sale. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232, 808 P.2d 919, 922-23 (1991) (describing the covenant of good faith and fair dealing). While a party can breach the covenant of good faith and fair dealing even if the terms of the contract are literally complied with, *see id.*, the covenant "cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasedena*, 8 Cal.Rptr.3d 233, 237 (Ct. App. 2004) (quotation omitted). The settlement agreement did not expressly require respondent to obtain a lot at a foreclosure sale and to impose such a requirement on respondent would contradict the express terms of the contract. Thus, the district court did not err in concluding that respondent did not breach the covenant of good faith and fair dealing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.        _____, J.
Gibbons                                              Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Joanna Kishner, District Judge
Stephen E. Haberfeld, Settlement Judge
Maier Gutierrez Ayon, PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk