# IN THE SUPREME COURT OF THE STATE OF NEVADA

MM R&D, LLC, A NEVADA LIMITED
LIABILITY CORPORATION,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
PUBLIC AND BEHAVIORAL HEALTH;
AND COUNTY OF STOREY,
Respondents.

No. 72560

FILED

MAR 2 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This appeal challenges the dismissal of appellant's complaint regarding its inability to obtain a business license to operate a medical marijuana establishment in Storey County. First Judicial District Court, Carson City; James Todd Russell, Judge.

In 2013, Nevada enacted NRS Chapter 453A, which allows for the cultivation and sale of medical marijuana within the state. *See* 2013 Nev. Stat., ch. 547, at 3695. In order to be able to operate a medical marijuana dispensary, an applicant must first obtain a medical marijuana registration certificate from the State. NRS 453A.322. One of the requirements to obtain a certificate is that the applicant must prove that it has complied with the local government's zoning laws or that it has otherwise received permission from the local government to operate the establishment within the local government's jurisdiction. NRS 453A.322(3)(a)(5). NRS 453A.326(3) further provides that if the jurisdiction in which the applicant seeks to open its establishment issues

18-10965

business licenses, then any certificate issued by the State is provisional until the establishment "is in compliance with all applicable local government ordinances or rules" and has obtained a business license. *See also* NAC 453A.316(1) (providing that the provisional certificate is not an approval to begin operations until the establishment is in compliance with local rules and has the requisite business license).

Before the enactment of NRS Chapter 453A, respondent Storey County's zoning laws prohibited "the sale, display, or use of marijuana or any illegal drugs." Storey Cty. Code 17.12.100(B).[1] The plain language of this code makes it clear that, unless the code was amended, an applicant would not be able to operate a medical marijuana establishment within Storey County because it would not be able to comply with local government rules as required by NRS 453A.326(3) and NAC 453A.316(1).[2] *See MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 228, 209 P.3d 766, 769 (2009) (providing that this court "should give effect to [a] statute's plain meaning"). Despite this prohibition, appellant MM R&D, LLC applied for and obtained a provisional medical marijuana registration certificate from the State so it could open a medical marijuana establishment in Storey County. MM's attempt to obtain a business license from Storey County failed, however, due to the county code, and MM's registration certificate therefore remained provisional pursuant to NRS 453A.326(3) and NAC 453A.316(1).

Following the denial of its request for a business license, MM filed a complaint against both Storey County and the State of Nevada,

---

[1]The code was amended in 2017. Storey Cty., Nev., Ordinance No. 17-275, § 2 (2017). Unless noted, we refer to the prior version of the code.

[2]We disagree with appellant that the county code was ambiguous regarding whether it prohibited the sale of medical marijuana.

Department of Health and Human Services, Division of Public and Behavioral Health (the State) regarding its inability to operate a medical marijuana establishment in Storey County. The district court dismissed the complaint due to MM's failure to state a cognizable claim for relief and this appeal followed.

As an initial matter, after the district court entered its order dismissing MM's complaint, Storey County amended its county code to explicitly prohibit the sale of medical marijuana within county limits. Storey Cty. Code 17.12.100(B)(1) (2017) ("Uses involving the sale . . . of marijuana, regardless of whether the marijuana is for medicinal, recreational, or any other purpose is prohibited . . . ."). Based on this amendment to the code, MM's claims of declaratory and injunctive relief are moot and need not be addressed further. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (discussing the mootness doctrine). Similarly, the remaining claims of promissory estoppel and negligent misrepresentation need not be addressed as to the State because the State has immunity from those claims, which MM does not dispute on appeal. *See* NRS 41.031(1) (giving the State and its political subdivisions immunity from certain civil actions); *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (concluding that issues not raised in an opening brief were waived). This leaves only the claims of promissory estoppel and negligent misrepresentation against Storey County for our consideration.

To avoid dismissal of its promissory estoppel claim, the complaint must have alleged a promise that Storey County intended MM to rely on. *See Torres v. Nev. Direct Ins. Co.*, 131 Nev., Adv. Op. 54, 353 P.3d 1203, 1209 (2015) (providing the elements for a promissory estoppel claims);

 

*Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (holding that this court should affirm the dismissal of a complaint "only if it appears beyond a doubt that [the nonmoving party] could prove no set of facts, which, if true, would entitle it to relief"). The Storey County commission meeting minutes attached to the complaint, however, demonstrate that no such promise was ever made. *See Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (considering documents attached to the complaint when considering a motion to dismiss for failure to state a claim for relief). Furthermore, Storey County did not violate any statutes or other rules in denying MM a business license, making MM's reliance on *Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority*, 1 P.3d 63 (Cal. 2000) (recognizing a claim akin to promissory estoppel when the government failed to award a project to the lowest bidder in violation of applicable laws) misplaced. Therefore, the district court properly dismissed the promissory estoppel claim.

The district court also properly dismissed MM's claim for negligent misrepresentation against Storey County. Although MM alleged that Storey County falsely stated that it had not opted out of Nevada's medical marijuana program, the Storey County commission minutes attached to the complaint and other public records demonstrate that no such statement was made or intimated; and none of the statements that were made could be plausibly construed as such, especially in light of the existing county code at the time. *See* Storey Cty. Code 17.12.100(B); *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim which include the supplying of false information and justifiable

reliance); *Breliant*, 109 Nev. at 847, 858 P.2d at 1261; 27 C.J.S. *Dismissal and Nonsuit* § 93 (2018) ("[A] court should not accept as true allegations in the complaint that are contradicted by . . . exhibits attached to or incorporated in the complaint."). As such, MM failed to allege a cognizable claim for negligent misrepresentation and the district court did not err in dismissing that claim against Storey County.

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. James Todd Russell, District Judge
        Robert L. Eisenberg, Settlement Judge
        Maddox, Segerblom & Canepa, LLP
        Marquis Aurbach Coffing
        Attorney General/Las Vegas
        Carson City Clerk

_____

[3]We decline to address MM's request for alternative relief, raised for the first time in its reply brief. *See Powell*, 127 Nev. at 161 n.3, 252 P.3d at 672 n.3.