# IN THE SUPREME COURT OF THE STATE OF NEVADA

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 169;
AND PATRICK SANDERSON,
Appellants,
vs.
DOUGLAS COUNTY,
Respondent.

No. 77062

FILED

DEC 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint in a labor matter. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Appellants, Laborers' International Union of North America, Local 169 and Patrick Sanderson (collectively, the "Labor Union"), filed a complaint seeking declaratory relief against respondent Douglas County relating to Douglas County's request for proposals from providers of Qualified Construction Manager at Risk (CMAR) services on multiple public works projects. The complaint sought a declaration that Douglas County violated NRS 338.169(2) by requesting bids on three separate projects at once, when the statute provides that it may only enter into contracts with CMARs for "not more than two public works in a calendar year that are discrete projects." Citing a prior order dismissing a similar case involving the Douglas County School District and the Labor Union for lack of standing, the district court dismissed. The Labor Union timely appealed, and we affirm.

Standing is required for the Labor Union to pursue its declaratory relief claims. *See Knittle v. Progressive Cas. Ins. Co.*, 112 Nev. 8, 10, 908 P.2d 724, 725 (1996) (holding that a party may seek declaratory

relief only if there is a justiciable controversy, a legally protectable interest, and an issue ripe for determination). To have standing, "a party must show a personal injury and not merely a general interest that is common to all members of the public." *Schwartz v. Lopez*, 132 Nev. 732, 743, 382 P.3d 886, 894 (2016). "Under th[e] public-importance exception [to the particularized injury rule], we may grant standing to a Nevada citizen to raise constitutional challenges to legislative expenditures or appropriations without a showing of a special or personal injury." *Id.*

The Labor Union failed to establish the legally protectable interest needed for standing. The Labor Union did not allege that it represents any qualified contractor whom the alleged violation harmed. Instead, the Labor Union asserted its members' *potential* loss of employment as its interest. Such speculative interests are not legally protectable interests for purposes of establishing standing. *See S. Nev. Labor Mgmt. Cooperation Comm. v. Clark Cty. Sch. Dist.*, Docket No. 65547, *4 (Order of Affirmance, Jan. 28, 2016) (noting that appellant "is claiming that it has been harmed because of potential employment and wages employees would have earned had their employer been awarded the public contract—a speculative interest this court has already rejected" as insufficient for standing). The Labor Union's interest in seeing the statute enforced is a general interest common to all members of the public and does not justify implying a private right of action under *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958-59, 194 P.3d 96, 100-01 (2008) (providing that, if a statute does not explicitly provide for a private cause of action, one will only be implied if the court determines that was the Legislature's intent). *See S. Nev. Labor Mgmt. Cooperation Comm.*, Docket No. 65547, at *4.

The Labor Union next argues that this case falls within the public-importance exception, which allows a party to seek declaratory relief without showing a personal injury to a legally protectable interest—under certain, *specific* circumstances. *Schwartz*, 132 Nev. at 743, 382 P.3d at 894-95. The Labor Union does not meet this narrow exception because it does not allege that Douglas County violated a specific Nevada constitutional provision via an expenditure or appropriation. *See id.* at 743, 382 P.3d at 894 (holding that the public-importance exception only applies to claims challenging legislative expenditures or appropriations on the basis that they violate specific provisions of the Nevada constitution).

Unable to establish a legally protectable interest or to qualify for the public-importance exception, the Labor Union lacks standing, requiring dismissal of its complaint. This conclusion makes it unnecessary to reach the preclusion principles on which the district court relied. *Cf. Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) ("[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons.").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Thomas W. Gregory, District Judge
Lansford W. Levitt, Settlement Judge
Michael E. Langton
Douglas County District Attorney/Minden
Douglas County Clerk