# IN THE SUPREME COURT OF THE STATE OF NEVADA

CINDY L. ARMENTROUT; AND
ROBERT KAUFFMAN,
Appellants,
vs.
WASHOE COUNTY HEALTH DISTRICT,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA,
Respondent.

No. 79382

**FILED**

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a declaratory relief and tort action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.[1] The underlying dispute concerns a septic system installed on appellants' property that serves a separate property and the corresponding easement.

Appellants first argue that we must treat the dismissal order as one granting summary judgment because the district court considered matters outside the pleadings in making its decision. *See* NRCP 12(d) (providing that if a court is presented with and does not exclude matters outside of the pleadings when reviewing a motion to dismiss, "the motion must be treated as one for summary judgment"). We disagree, as the evidence the district court considered were exhibits to appellants' affirmative defenses to the Meads' counterclaim or matters of public record. *See Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (holding that the district court "may take into account matters

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

of public record, orders, items present in the record of the case, and any exhibits attached to the complaint when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted," without converting it into a motion for summary judgment).

Appellants next argue that the district court erred by concluding that the relevant statute of limitations barred their negligence claim against respondent Washoe County Health District (WCHD) based on its failure to remove an illegal septic system. They claim that whether the discovery rule tolled the statute of limitations is an issue for the trier of fact, such that it is inappropriate to resolve in a motion to dismiss. We review de novo, *Munda v. Summerlin Life & Health Ins. Co.*, 127 Nev. 918, 923, 267 P.3d 771, 774 (2011), and disagree. It is undisputed that appellants knew about the easement, which referenced an installed septic system, at the time they purchased the property in 2015. Despite this, they waited nearly four years to file the amended complaint against WCHD alleging negligence for failure to enforce its regulations. Based on the evidence obtained from WCHD, appellants should have discovered the facts giving rise to their cause of action against WCHD by exercising due diligence. *See Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (holding that the time of discovery may be determined as a matter of law where "'uncontroverted evidence irrefutably demonstrates [that the] plaintiff discovered or should have discovered' the facts giving rise to the cause of action" (quoting *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992))); *see also Sierra Pac. Power Co. v. Nye*, 80 Nev. 88, 95, 389 P.2d 387, 390 (1964) (holding that the statute of limitations is not tolled "if the facts may be ascertained by inquiry or diligence"). Indeed, the amended complaint states that appellants obtained the relevant records

containing the facts forming the base of their claim against WCHD one week after filing a public records request. And because appellants' claim against WCHD would not relate back to the original complaint against the current owners of the property the septic system serves,[2] *see Nelson v. City of Las Vegas*, 99 Nev. 548, 556, 665 P.2d 1141, 1146 (1983) ("[W]here an amendment states a new cause of action that describes a new and entirely different source of damages, the amendment does not relate back."), the district court did not err by dismissing the action based on the statute of limitations, *see* NRS 11.190(4)(e) (providing a two-year statute of limitations period for negligence actions).[3] We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Scott N. Freeman, District Judge
Robert L. Eisenberg, Settlement Judge
Maupin, Cox & LeGoy
Washoe County District Attorney/Civil Division
Washoe District Court Clerk

---

[2]The original complaint challenged the enforceability of the easement. Notably, even if the claims did relate back, they were still past the statute of limitations period, as appellants purchased the property in August 2015, but did not file the complaint for declaratory relief until November 2017. *See* NRS 11.190(4)(e).

[3]As this issue is dispositive, we need not address appellants' remaining arguments.