# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOSHUA RAMOS, A/K/A ERNESTO JOSHUA RAMOS, AN INDIVIDUAL, Appellant, vs. DANA WHITE, AN INDIVIDUAL; UFC HOLDINGS, LLC; ZUFFA, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP, Respondents. | No. 82102 <br><br> **FILED** <br><br> MAR 17 2022 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a dismissal order pursuant to NRCP 12(b)(5). Eighth Judicial District Court, Clark County; David M. Jones, Judge.[1] The underlying case arises out of the parties' negotiations as to a nondisclosure agreement.

Appellant Joshua Ramos first argues that the district court erred by applying the wrong standard in dismissing his complaint under NRCP 12(b)(5). We review de novo, *Guzman v. Johnson*, 137 Nev., Adv. Op. 13, 483 P.3d 531, 536 (2021), and disagree. Ramos fails to identify anything specifically that the district court inappropriately relied on in making its NRCP 12(b)(5) determination. *See Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (holding that the district court "may take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted"). To the extent Ramos challenges the district court made during the motion to dismiss hearing, those comments do not warrant relief. *Rust*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-08497

*v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) ("The district court's oral pronouncement from the bench . . . [is] ineffective for any purpose and cannot be appealed.").

Turning to the specific claims, we disagree with Ramos that the district court erred by dismissing his breach-of-contract claim. This claim centered on a purported contract to enter into a nondisclosure agreement by which respondents would compensate Ramos in exchange for his silence on certain matters following the end of criminal proceedings against Ramos. But because the parties were merely in preliminary negotiations and had not agreed to any material terms, no valid contract was formed. *See Nev. Power Co. v. Pub. Util. Comm'n*, 122 Nev. 821, 839-40, 138 P.3d 486, 498-99 (2006) ("When essential terms such as [time periods or price] have yet to be agreed upon by the parties, a contract cannot be formed."); *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (holding that a contract requires "an offer and acceptance, meeting of the minds, and consideration," and that "preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms," which must be "sufficiently certain and definite"); *City of Reno v. Silver State Flying Serv., Inc.*, 84 Nev. 170, 176, 438 P.2d 257, 261 (1968) (recognizing that "[a]n agreement to agree at a future time is nothing and will not support an action for damages" (quoting *Salomon v. Cooper*, 220 P.2d 774, 775 (Cal. Dist. Ct. App. 1950)). Without a valid contract, Ramos' breach-of-contract claim necessarily fails and the district court properly dismissed it.[2] And because the breach-of-contract claim was properly

---

[2]Ramos also argues that his complaint sufficiently alleged an implied-in-fact contract. We disagree. The complaint's allegations fail to show that the parties ever formed an ascertainable agreement. *See Smith v. Recrion Corp.*, 91 Nev. 666, 668, 541 P.2d 663, 664-65 (1975) (holding that implied

dismissed, it follows that the claim for breach of the implied covenant of good faith and fair dealing also fails.[3] *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 623, 173 P.3d 707, 714 (2007) (recognizing that a claim for a contract-based breach of the implied covenant of good faith and fair dealing fails when there is no contract between the parties); *see also Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 587 n.1, 356 P.3d 1085, 1088 n.1 (2015) (holding that the implied covenant of good faith and fair dealing "does not apply during the negotiation or formation phase of a contract").

The district court also properly dismissed Ramos' unjust enrichment claim. The complaint alleged that a protective order requiring Ramos' silence on the same matters that were to be the subject of the nondisclosure agreement between the parties expired upon Ramos' sentencing in the related criminal case, which occurred on June 30, 2016. It further alleged that respondent UFC Holdings, LLC, was sold "in early July 2016." Based on these allegations, the complaint contended that Ramos' silence before the UFC was sold conferred a benefit on respondents as the sale price was likely higher than it would have been had Ramos not remained silent; thus, respondents were unjustly enriched. Even when construing these facts in the light most favorable to Ramos, *see Breliant*, 109 Nev. at 845, 858 P.2d at 1260 (providing that courts "must construe the pleading liberally and draw every fair intendment in favor of the [non-moving party]" when reviewing motions to dismiss and holding that "[a]ll factual allegations of the complaint must be accepted as true" (internal

---

contracts, while manifested by conduct, still require "an ascertainable agreement").

[3]Ramos concedes that he is not challenging the dismissal of the tortious breach of the implied covenant of good faith and fair dealing on appeal.

quotation marks omitted)), his silence up until June 30, 2016, is only an incidental benefit conferred upon respondents because Ramos had an independent legal obligation to not disclose certain facts under the protective order.[4] Incidental benefits are not adequate to support an unjust enrichment claim. *See Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 968 (9th Cir. 1999) (holding that an unjust enrichment claim will not lie where defendants incidentally benefitted from plaintiffs' independent legal obligation); *Chem-Nuclear Sys., Inc. v. Arivee Chems.*, Inc., 978 F. Supp. 1105, 1110-11 (N.D. Ga. 1997) (holding that the plaintiff under an administrative order to remediate property could not pursue an unjust enrichment claim against the defendant who would incidentally benefit from the clean-up). And that Ramos remained silent after the protective order expired in hopes of entering a nondisclosure agreement with respondents does not constitute an unjustly retained benefit by respondents that supports an unjust enrichment claim. *See, e.g., Burton Imaging Grp. v. Toys "R" Us, Inc.*, 502 F. Supp. 2d 434, 440-41 (E.D. Pa. 2007) (holding that "[a] benefit conferred is not unjustly retained if a party confers the benefit with the hope of obtaining a contract," and citing multiple authorities in support of that holding).

Finally, we reject Ramos' contention that the district court abused its discretion by denying his motion to amend the complaint. *See*

---

[4]Ramos contends that the protective order did not preclude him from disclosing respondent Dana White's name. However, the pleadings reflect that the protective order applied to the disclosure of White's name and that it applied to Ramos. Specifically, the complaint alleged that "pursuant to the stipulation for a protective [o]rder[,] White's identity was only concealed through the close of the case *after which Ramos was free to talk*." (Emphasis added). Thus, even when viewing the complaint in the light most favorable to Ramos, the protective order encompassed Ramos' silence during the relevant timeframe.

*Kantor v. Kantor,* 116 Nev. 886, 891, 8 P.3d 825, 828 (2000) (reviewing the denial of a motion to amend for an abuse of discretion). Although Ramos "request[ed] and reserve[d]" the right to seek leave to amend his complaint, he did not provide a proposed amended complaint with his written motion as required by EDCR 2.30(a) ("A copy of the proposed amended pleading must be attached to any motion to amend the pleading."). Additionally, his written and oral motions did not sufficiently explain what the amended complaint would accomplish. Thus, we cannot say that the district court abused its discretion on this issue. *See Adamson v. Bowker,* 85 Nev. 115, 121, 450 P.2d 796, 801 (1969) ("Where there is no showing of the nature or substance of the proposed amendment or what the appellant expects to accomplish by it, a reviewing court cannot say a trial court abused its discretion in denying leave to amend."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.     _____, Sr.J.
Stiglich                        Gibbons

cc:    Hon. David M. Jones, District Judge
       James A. Kohl, Settlement Judge
       Christopherson Law Offices
       Campbell & Williams
       Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.